



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SARAH ERICKSON, §
§
    Plaintiff, §
§
vs. §    Civil Action No. 3-04CV-1433M
§
BAYLOR INSTITUTE FOR REHABILIATION §
AT GASTON EPISCOPAL HOSPITAL and §
BAYLOR HEALTH CARE SYSTEM, §
§
    Defendants. §

## Appendix to Defendants' Motion For Summary Judgment

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, BAYLOR INSTITUTE FOR REHABILITATION AT GASTON

EPISCOPAL HOSPITAL AND BAYLOR HEALTH CARE SYSTEM (hereinafter

"Defendants"), the Defendants in the above entitled and numbered cause, and make and file this

their Appendix to their Motion for Summary Judgment as follows:

1.    Exhibit A -    Affidavit of Simon D. Whiting that includes the following attachments:

a)    Defendant's First Request for Admissions to Plaintiff (Exhibit A-1);

b)    Transmittal letter to Plaintiff's counsel dated 1/18/05 (Exhibit A-2);

c)    Plaintiff's counsel's return receipt card dated 1/20/05 (Exhibit A-3);

d)    Motion to Withdraw as Counsel dated 2/16/05 (Exhibit A-4);

e)    Letter to Plaintiff dated 5/25/05 (Exhibit A-5);

f)    Plaintiff's return receipt card dated 5/26/05 (Exhibit A-6);

g)    Plaintiff's First Amended Complaint (Exhibit A-7); and

h)    Defendants' Original Answer (Exhibit A-8).

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By:    _____
SIMON D. WHITING
State Bar No. 21373600

3100 Lincoln Plaza
500 North Akard
Dallas, Texas  75201-3320
Telephone:  214/740-3100
Facsimile:  214/740-3125

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing instrument has

been served upon counsel for Plaintiff via:

_____ CERTIFIED MAIL/RETURN RECEIPT REQUESTED
_____ TELEPHONIC DOCUMENT TRANSFER (FAX)
_____ FEDERAL EXPRESS/EXPRESS MAIL
_____ COURIER/RECEIPTED DELIVERY
_____ REGISTERED MAIL/RETURN RECEIPT REQUESTED
_____ HAND DELIVERY (IN PERSON)
_____ REGULAR MAIL

DATED: _November 18_____, 2005.

_____
SIMON D. WHITING

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH ERICKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3-04CV-1433M |
| | § | |
| BAYLOR INSTITUTE FOR REHABILIATION | § | |
| AT GASTON EPISCOPAL HOSPITAL and | § | |
| BAYLOR HEALTH CARE SYSTEM, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF SIMON D. WHITING

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Simon D. Whiting, known to me to be the person whose name is subscribed to the following instrument, and, having been by me duly sworn, upon his oath deposed and stated as follows:

1.    "My name is Simon D. Whiting. I am over the age of twenty-one (21) years, of sound mind, and capable of making this Affidavit. I have personal knowledge of, and I am personally acquainted with, the facts herein stated, and they are true and correct. I further state that I am competent to testify to the matters and opinions set out in this Affidavit."

2.    "I am a partner with the law firm of Burford & Ryburn, L.L.P. and have been retained by Baylor Institute for Rehabilitation at Gaston Episcopal Hospital and Baylor Heath Care System to represent them as their counsel of record in the above-referenced cause."

3.    "Attached hereto are true and correct copies of the following documents:

(A)    Defendant's First Request for Admissions to Plaintiff (Exhibit A-1);

(B)     Transmittal letter to Plaintiff's counsel dated 1/18/05 (Exhibit A-2);

(C)     Plaintiff's counsel's return receipt card dated 1/20/05 (Exhibit A-3);

(D)     Motion to Withdraw as Counsel dated 2/16/05 (Exhibit A-4);

(E)     Letter to Plaintiff dated 5/25/05 (Exhibit A-5);

(F)     Plaintiff's return receipt card dated 5/26/05 (Exhibit A-6);

(G)     Plaintiff's First Amended Complaint (Exhibit A-7); and

(H)     Defendants' Original Answer (Exhibit A-8).

"Further, Affiant sayeth not."


_____
                SIMON D. WHITING


SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the

_18th_ day of _November_____, 2005.


[Notary Seal:
CYNTHIA SALMON
Notary Public, State of Texas
My Commission Exp. 09-20-2008]

_____
        NOTARY PUBLIC IN AND FOR
           THE STATE OF TEXAS

_____
      (Typed or Printed Name of Notary)

My Commission Expires: _9-20-2008_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SARAH ERICKSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3-04CV-1433M |
| | § | |
| BAYLOR INSTITUTE FOR REHABILIATION | § | |
| AT GASTON EPISCOPAL HOSPITAL and | § | |
| BAYLOR HEALTH CARE SYSTEM, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

TO:   Plaintiff, Sarah Erickson, by and through her attorney of record, Laura E. Calhoun, Calhoun & Pena, PLLC, 5068 W. Plano Parkway, Suite 300, Plano, Texas 75093.

COME NOW, Baylor Institute for Rehabilitation at Gaston Episcopal Hospital and Baylor Health Care System, (hereafter "Defendants"), and, pursuant to Rule 35 of the Federal Rules of Civil Procedure, hereby requests Plaintiff to respond to the following Requests for Admissions by serving the Plaintiff's responses on the undersigned counsel for Defendants within thirty (30) days from the date of service of these requests.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By:    _____
SIMON D. WHITING
Texas State Bar No. 21373600

3100 Lincoln Plaza, 500 N. Akard
Dallas, Texas 75201-3320
Tel:  214/740-3119
Fax:  214/740-2832

ATTORNEYS FOR DEFENDANTS

### Certificate of Service

In keeping with Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true

and correct copy of the foregoing instrument has been served upon all attorneys of record via:

__X__  CERTIFIED MAIL/RETURN RECEIPT REQUESTED
_____  TELEPHONIC DOCUMENT TRANSFER (FAX)
_____  FEDERAL EXPRESS/EXPRESS MAIL
_____  COURIER/RECEIPTED DELIVERY
_____  REGISTERED MAIL/RETURN RECEIPT REQUESTED
_____  HAND DELIVERY (IN PERSON)
_____  REGULAR MAIL
DATED:  _1_/18/05_  .

_____
SIMON D. WHITING

## REQUEST FOR ADMISSION NO. 1:

Admit that you do not have a physical or mental impairment that substantially limits any major life activity.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 2:

Admit that you do not have a record of a physical or mental impairment that substantially limits any major life activity.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 3:

Admit that Defendants did not regard you as having a physical or mental impairment that substantially limits any major life activity.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 4:

Admit that your bi-polar disorder does not constitute a disability within the meaning of the Americans with Disabilities Act.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 5:

Admit that your bi-polar disorder does not constitute a serious health condition as defined under the Family and Medical Leave Act.

## RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**

Admit that you were not able to perform the essential functions of your job with Defendants with any accommodation.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit that Defendants could not have reasonably accommodated your bi-polar disorder.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit that Defendants did not deny you any reasonable accommodation for your bi-polar disorder.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that Defendants would have suffered undue hardship in attempting to provide you with a reasonable accommodation for your bi-polar disorder.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that your bi-polar disorder constituted a direct threat to the safety of Defendants' patients.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit that your bi-polar disorder constituted a direct threat to your safety.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:**

Admit that your bi-polar disorder constituted a direct threat to the safety of others.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 13:**

Admit that Defendants had reasonable grounds for believing that their actions with respect to your employment did not violate the Family and Medical Leave Act.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 14:**

Admit that Defendants' actions with respect to your employment were legitimate and non-discriminatory.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 15:**

Admit that Defendants did not perceive any risk that their actions with respect to your employment would violate federal law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not use reasonable diligence to obtain comparable employment subsequent to your termination by Defendants.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit that Defendants did not terminate your employment because you opposed any act or practice made unlawful by the Americans with Disabilities Act.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit that Defendants did not terminate your employment because you made a charge under the Americans with Disabilities Act.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit that Defendants did not terminate your employment because you testified in an investigation, proceeding or hearing under the Americans with Disabilities Act.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit that Defendants did not terminate your employment because you assisted in an investigation, proceeding or hearing under the Americans with Disabilities Act.

**RESPONSE:**

---

**REQUEST FOR ADMISSION NO. 21**:

Admit that Defendants did not terminate your employment because you participated in an investigation, proceeding or hearing under the Americans with Disabilities Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 22:**

Admit that Defendants did not coerce you in your exercise or enjoyment of any right granted or protected under the Americans with Disabilities Act.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 23:**

Admit that Defendants did not intimidate you in your exercise or enjoyment of any right granted or protected under the Americans with Disabilities Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 24:**

Admit that Defendants did not threaten you in your exercise or enjoyment of any right granted or protected under the Americans with Disabilities Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 25:**

Admit that Defendants did not interfere with your exercise or enjoyment of any right granted or protected under the Americans with Disabilities Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 26**:

Admit that Defendants did not coerce you because you exercised or enjoyed any right granted or protected under the Americans with Disabilities Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 27**:

Admit that Defendants did not intimidate you because you exercised or enjoyed any right granted or protected under the Americans with Disabilities Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 28**:

Admit that Defendants did not threaten you because you exercised or enjoyed any right granted or protected under the Americans with Disabilities Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 29**:

Admit that Defendants did not interfere with you because you exercised or enjoyed any right granted or protected under the Americans with Disabilities Act.


**RESPONSE**:


**REQUEST FOR ADMISSION NO. 30:**

Admit that Defendants did not interfere with your exercise of any right provided under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 31**:

Admit that Defendants did not restrain your exercise of any right provided under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 32**:

Admit that Defendants did not deny you the exercise of any right provided under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 33**:

Admit that Defendants did not interfere with your attempt to exercise any right provided under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 34**:

Admit that Defendants did not restrain your attempt to exercise any right provided under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 35**:

Admit that Defendants did not deny your attempt to exercise any right provided under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 36**:

Admit that Defendants did not terminate your employment for opposing any practice made unlawful under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 37**:

Admit that Defendants did not discriminate against you for opposing any practice made unlawful under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 38**:

Admit that Defendants did not terminate your employment because you filed a charge under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 39**:

Admit that Defendants did not terminate your employment because you instituted a claim for leave under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 40**:

Admit that Defendants did not discriminate against you because you filed a charge under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 41**:

Admit that Defendants did not discriminate against you because you instituted a claim for leave under the Family and Medical Leave Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 42**:

Admit that Defendants did not terminate your employment because you gave any information in connection with any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 43**:

Admit that Defendants did not terminate your employment because you were about to give any information in connection with any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 44**:

Admit that Defendants did not discriminate against you because you gave any information in connection with any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 45**:

Admit that Defendants did not discriminate against you because you were about to give any information in connection with any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 46**:

Admit that Defendants did not terminate your employment because you testified in any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 47**:

Admit that Defendants did not terminate your employment because you were about to testify in any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 48**:

Admit that Defendants did not discriminate against you because you testified in any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 49**:

Admit that Defendants did not discriminate against you because you were about to testify in any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 50**:

Admit that Defendants did not terminate your employment because you requested leave under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 51**:

Admit that Defendants did not discriminate against you because you requested leave under the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 52**:

Admit that Defendants did not terminate your employment because you requested to complete your TPAPN third quarter review.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 53**:

Admit that Defendants did not discriminate against you because you requested to complete your TPAPN third quarter review.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 54**:

Admit that Defendants' refusal to allow you to return to work on October 8, 2003 did not constitute a violation of the Family and Medical Leave Act.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 55**:

Admit that Defendants did not deny you a reasonable accommodation within the meaning of the Americans with Disabilities Act by failing to complete your TPAPN third quarter review.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 56**:

Admit that Defendants' actions with respect to your employment were made in good faith.

**RESPONSE**:

# BURFORD & RYBURN, L.L.P.

**B&R**   Attorneys and Counselors at Law

**ANDY COX**

WRITER'S DIRECT DIAL:
(214) 740-3154

WRITER'S FACSIMILE:
(214) 740-2805

WRITER'S EMAIL ADDRESS:
acox@briaw.com

WEB SITE:
www.briaw.com

January 18, 2005

## VIA CM RRR NO. 7003 0500 0001 3389 5154

Ms. Connie Pena
Calhoun & Pena, P.L.L.C.
5068 West Plano Parkway
Suite 300
Plano, Texas 75093

> Re:   *Sarah Erickson v. Baylor Institute for Rehabilitation at Gaston Episcopal Hospital and Baylor Health Care System*; Civil Action No: 3:04-CV-1433-M in the United States District Court for the Northern District of Texas, Dallas Division

Dear Ms. Pena:

Enclosed, please find the following:

1.   Defendants' First Set of Interrogatories to Plaintiff;
2.   Defendants' First Request for Production of Documents to Plaintiff;
3.   Defendants' First Request for Admissions to Plaintiff.

Sincerely,

BURFORD & RYBURN, L.L.P.

Andy Cox

AC/cms

Enclosures



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> **X** *B. Keele* ☑ Agent ☐ Addressee <br> B. Received by (*Printed Name*) C. Date of Delivery <br> *B. Keele* 01-20-05 |
| 1. Article Addressed to: <br><br> Ms. Connie Rena <br> Calhoun & Rena. P.L.L.C. <br> 5068 West Plano Parkway <br> Suite 300 <br> Plano, Texas 75093 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☑ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*) | 7003 0500 0001 3389 5154 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

19

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SARAH ERICKSON,<br>   **Plaintiff,** | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 3-04CV-1433-M |
| BAYLOR INSTITUTE FOR<br>REHABILITATION AT GASTON<br>EPISCOPAL HOSPITAL and<br>BAYLOR HEALTH CARE SYSTEM, | §<br>§<br>§<br>§ | |
|    **Defendants.** | | |

**<u>MOTION FOR WITHDRAWAL OF COUNSEL</u>**

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **NOW COMES** Movants, Laura E. Calhoun and Connie Peña of Calhoun & Peña, P.L.L.C., Attorneys for Plaintiff, Sarah Erickson (hereinafter Plaintiff) and Tamara Banno, Local Counsel for Plaintiff, bring this Motion for Withdrawal of Counsel, and in support thereof, shows the Court the following:

  Good cause exists for withdrawal of Movants as counsel because Movants are unable to effectively communicate with Plaintiff in a manner consistent with good attorney-client relations.

  Plaintiff's last known address and telephone number is as follows:

  Sarah Erickson
  c/o Caring Hearts
  314 Nimitz
  Dallas, Texas  75224
  214/946/7489

Motion for Withdrawal of Counsel

20

II.

The settings and deadlines, as outline in the Court's November 1, 2004 Scheduling Order, in this case are as follows:

1.  **Jury Trial set for April 10, 2006, at 9:00 a.m.**

2.  Joinder of Parties:  November 30, 2004

3.  **Amendment of Pleadings by:  March 8, 2005**

4.  **Dispositive Motions filed by: December 9, 2005**

5.  **Plaintiff's Initial Designation of Experts filed by:  September 6, 2005**

6.  **Defendant's Designation of Experts filed by:  October 5, 2005**

7.  **Objections to Experts filed by:  February 10, 2006**

8.  **Pretrial Disclosures and Objections filed by:  March 20, 2006**

9.  **Completion of Discovery:  March 10, 2006**

10.  **Mediation:  October 11, 2005**

11.  **Settlement Status Report filed by:  October 25, 2005**

12.  **Settlement Conference if Mediation unsuccessful, completed by: March 20, 2006.  Notify court within three business days of results of conference.**

13.  **Pretrial Materials filed by:  March 20, 2006**

14.  **Jury Instructions and Voir Dire Questions filed by:  March 27, 2006**

15.  **Objections to Pretrial Materials filed by:  March 29, 2006**

16.  **Motions in limine filed by:  March 29, 2006**

17.  **Pretrial Conference:  Friday, April 7, 2006 at 9:00 a.m.**

**Please see the Court's Scheduling Order for details of each filing.**

Motion for Withdrawal of Counsel

- 2 -

21

Further, Defendants served Plaintiff on January 18, 2005 with Requests for Production, Request for Admissions, and Interrogatories. Defendants have agreed to extend the time by which Plaintiff has to respond to these requests for a period of 90 days. Plaintiff's responses will be due no later than May 10, 2005.

Movants have returned to Plaintiff the contents of her file including all pleadings, discovery requests, and orders of the Court.

### III.

This Motion is not sought for the purposes of delay. Allowing Movants to withdraw as attorneys for Plaintiff will not delay these proceedings. Plaintiff's trial date is set for April 10, 2006.

### IV.

A copy of this motion has been delivered to Plaintiff by Certified Mail, Return Receipt Requested and U.S. mail. Plaintiff does not oppose Movants withdrawal as her attorneys.

**WHEREFORE, PREMISES CONSIDERED,** Movants pray that the Court enters an order discharging Movants as attorneys of record for Plaintiff, Sarah Erickson, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

By: _Laura E Calhoun_
Laura E. Calhoun
Texas Bar No. 06342400
Connie A. Peña
Texas Bar No. 24034621
5068 W. Plano Pkwy., Suite 300
Plano, Texas  75093
Tel. (972)447-8235
Fax. (972)447-8236
**Attorneys for Plaintiff**
**Sarah Erickson**

By: _Tamara Banno_ _by permission_
Tamara L. Banno
Texas Bar No. 24012240
3031 Allen Street, Ste. 100
Dallas, Texas  75204
Tel. (214)550-5236
Fax (214)550-5223
**Local Counsel for Plaintiff**

AGREED TO BY:

_Sarah J Erickson_
Sarah Erickson, Plaintiff

Motion for Withdrawal of Counsel

- 4 -

23

## CERTIFICATE OF CONFERENCE

This is to certify that a conference was held on February 15, 2005 between Laura E. Calhoun, counsel for Plaintiff, and Simon Whiting, counsel for Defendants, regarding the above motion. Defendants do not oppose the motion to withdraw and have agreed to the 90 day extension of time for Erickson to object and respond to Defendants' discovery requests.

Laura E. Calhoun

## CERTIFICATE OF SERVICE

I certify that on this 16th day of February, 2005 a true and correct copy of Movants' Motion for Withdrawal of Counsel was served on opposing counsel, Simon Whiting, via Hand Delivery at the office of Burford & Ryburn.

Laura E. Calhoun

Motion for Withdrawal of Counsel

- 5 -

2 4

A-4



# BURFORD & RYBURN, L.L.P.

### Attorneys and Counselors at Law

SIMON D. WHITING

WRITER'S DIRECT DIAL:
(214) 740-3119

WRITER'S FACSIMILE:
(214) 740-2832

WRITER'S EMAIL ADDRESS
swhiting@brlaw.com

May 25, 2005

**VIA CM RRR NO. 7002 0860 0005 1939 8682**
Ms. Sarah Erickson
c/o Caring Hearts
314 Nimitz
Dallas, Texas 75224

       Re:   *Sarah Erickson v. Baylor Institute for Rehabilitation at Gaston Episcopal Hospital and Baylor Health Care* System; Civil Action No: 3:04-CV-1433-M in the United States District Court for the Northern District of Texas, Dallas Division

Dear Ms. Erickson:

       As you know, I represent the Defendants in the above-referenced lawsuit that you have filed. On January 18, 2005, prior to the date that your former counsel withdrew from representing you, the Defendants served on your counsel their First Request for Production of Documents to Plaintiff, First Request for Admissions to Plaintiff and First Set of Interrogatories to Plaintiff. Because your former counsel were withdrawing from your representation, Defendants agreed to grant you an extension of 90 days to respond to the foregoing discovery requests. That extension agreement is reflected in the Motion of Withdrawal of Counsel filed by your former counsel with the Court on February 16, 2005.

       In accordance with that agreement, your responses to the foregoing discovery requests were due no later than May 10, 2005. Accordingly, any of your objections to Defendants' First Request for Production of Documents to Plaintiff, Defendants' First Set of Interrogatories to Plaintiff, and Defendants' First Request for Admissions to Plaintiff are waived. Please send your responses to the foregoing discovery requests to my attention as soon as possible.

       I remain,

                          Yours faithfully,

                          Simon D. Whiting

SDW/cms

fied Mail Provides:

nailing receipt

nique identifi

ignature upor

ecord of deliv

*tant Reminde*

tified Mail ma

tified Mail is

INSURANC
ables, please

an additional
ery. To obtain
ipt (PS Form
Endorse retai
iplicate retain
ired.

an additior
essee's auth
orsement "*R*

postmark or
it the post
pt is not ne

TANT: Sav

3800, April

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br>■ Print your name and address on the reverse so that we can return the card to you. <br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br>X _Sarah f Erickson_  ☐ Agent  ☐ Addressee <br><br>B. Received by ( *Printed Name* )   C. Date of Delivery |
| 1. Article Addressed to: <br><br>*Ms. Sarah Erickson* <br>*c/o Caring Hearts* <br>*314 Nimitz* <br>*Dallas, TX 75224* | D. Is delivery address different from item 1?  ☐ Yes <br>   If YES, enter delivery address below:  ☐ No <br><br>3. Service Type <br>☑ Certified Mail  ☐ Express Mail <br>☐ Registered  ☐ Return Receipt for Merchandise <br>☐ Insured Mail  ☐ C.O.D. <br><br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number <br>   (*Transfer from service label*) | 7002 0860 0005 1939 8682 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

26

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

NOV 2 3 2004

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SARAH ERICKSON, | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3-04CV-1433-M |
| | § | |
| BAYLOR INSTITUTE FOR | § | |
| REHABILITATION AT GASTON | § | |
| EPISCOPAL HOSPITAL and | § | |
| BAYLOR HEALTH CARE SYSTEM, | § | |
| **Defendants.** | | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** Plaintiff, Sarah Erickson, complaining of Defendants, Baylor Institute for Rehabilitation at Gaston Episcopal Hospital and Baylor Health Care System, and for cause of action would show the following:

### PARTIES AND SERVICE

1.     Plaintiff Sarah Erickson, is a citizen of the United States and the State of Texas and resides in Garland, Dallas County, Texas.

2.     Defendant Baylor Institute for Rehabilitation at Gaston Episcopal Hospital is a Texas corporation that is authorized to and is doing business in Dallas County Texas.  This Defendant was served by serving its agent authorized to accept service: John T. Thomas at 3600 Gaston Avenue, Suite 150, Dallas, Texas 75246.

3.     Defendant Baylor Health Care System is a Texas corporation that is authorized to and is doing business in Dallas County, Texas.  This Defendant was served by serving its agent

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

authorized to accept service: John T. Thomas at 3600 Gaston Avenue, Suite 150, Dallas, Texas 75246.

## JURISDICTION

4.      The Court has jurisdiction over this lawsuit pursuant to 28 USCS § 1331 because the action arises under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et. seq.* and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*.

## NATURE OF ACTIONS

5.      This is an action under (1) 29 U.S.C. § 2601 *et. seq.* to correct violations of the Family Medical Leave Act and (2) Title 42 U.S.C. § 12101 *et. seq.* to correct violations of the Americans With Disabilities Act.

## CONDITIONS PRECEDENT TO FMLA CLAIM

6.      All conditions precedent to jurisdiction have occurred or been complied with. Plaintiff has been employed for at least 12 months by the Defendants, and has worked at least 1,250 hours for the Defendants in the last 12 month period. Thus, Plaintiff is an "Eligible Employee" as defined under 29 U.S.C. § 2611(2). Additionally, Plaintiff would show that based on information and belief, each Defendant is a covered "Employer" as defined under 29 U.S.C. § 2611(4).

## CONDITIONS PRECEDENT TO ADA CLAIM

7.      All conditions precedent to jurisdiction have occurred or been complied with. A charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Page - 2

of a right to sue letter (dated April 16, 2004).

### FACTS

8.    Plaintiff, Sarah Erickson, was employed by Defendants from approximately June 1996 until her termination on or about October 13, 2003. At all relevant times, Erickson has suffered from bi-polar disorder. Despite Erickson's bi-polar disorder, she was able to perform the essential functions of her position with accommodation. Erickson's bi-polar disorder substantially limits at least one major life activity. Erickson would also show that she has a record or a disability and/or was regarded by Defendants as having a disability. Erickson's bi-polar disorder constitutes a disability as defined under the ADA and a serious health condition as defined under the FMLA.

9.    From approximately August 2002 to December 2002, Erickson was off from work on an approved FMLA leave of absence due to difficulties she was experiencing with bi-polar disorder (a serious health condition and disability). In December 2002, Erickson returned to work for the Defendants through the Texas Peer Assistance Program for Nurses ("TPAPN"), which is designed to assist nurses experiencing mental illness in returning to work. Pursuant to the TPAPN, participation and compliance with the TPAPN program constitutes a reasonable accommodation to disabled employees, such as Erickson. Upon returning to work, Tracy Ellis, the Unit Manager, was assigned to oversee Erickson's TPAPN program, which required a series of meetings and form completion over a one year time period.

10.    On or about June 18, 2003, Ellis held a "counseling meeting" with Erickson regarding some performance issues. During this meeting, Erickson agreed to comply with the employer's work related requests and Ellis agreed to notify Erickson if any problems occurred in

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

the future regarding Erickson's work performance. Until the termination, Erickson received no notice of any alleged complaints after this meeting.

11.     Erickson began experiencing stress after this meeting in part because Ellis refused to grant Erickson requested shift changes and repeatedly delayed Erickson's required 3rd Quarter TPAPN Review. Erickson then began to experience symptoms of her bi-polar disorder to the point that, on September 15, 2003, she requested a leave of absence. This leave was approved by the Defendants as FMLA leave from 9/17/03 to 11/18/03. Erickson was hospitalized for 5 days and was later released to return to work by her doctor on October 8, 2003. On October 8, 2003, Erickson presented the doctor release to Ellis and to the Human Resources Department. Rather than being permitted to return to work, Erickson was told to return to Human Resources for a meeting on October 13, 2003.

12.     During the October 13, 2003 meeting, Erickson was told by Becky Penn, the Director of Patient Care Services, that she was being terminated because of safety issues because of problems that continued with Erickson since June 2003. Erickson, however, had been provided no notice of any alleged problems since the June counseling meeting (as was represented would be done by Ellis) and disputed the allegations. At the time of the termination, Erickson had been off from work on disability-related FMLA leave for the past month, and prior to her leave (from the June counseling through September 15th), had been given no notice of any safety or performance deficiencies. In addition to being terminated, Erickson's 3rd quarter TPAPN review was never completed; therefore, she was denied this reasonable accommodation.

### VIOLATION OF FMLA AND ADA

13.     Erickson asserts that she was discriminated and retaliated against by the

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**Page - 4**

30

Defendant in violation of the Americans with Disabilities Act and the Family Medical Leave Act when she was denied reasonable accommodation and her employment was terminated on October 13, 2003. Defendants interfered, restrained or denied Plaintiff her rights under the Family Medical Leave Act and the Americans with Disabilities Act.

14.     Plaintiff was discriminated against on the basis of her disability, record of a disability and perception of having a disability. Defendants failed to provide Plaintiff reasonable accommodations under the ADA by failing to complete her TPAPN review.

15.     Defendants further discriminated against and terminated Plaintiff in retaliation for requesting FMLA leave and instituting an FMLA leave claim in violation of 29 U.S.C. § 2615(b)(1).

16.     Plaintiff alleges that Defendant, Baylor Institute for Rehabilitation, discriminated against Plaintiff with malice or with reckless indifference to the protected rights of Plaintiff.

17.     Defendants intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family Medical Leave Act and the Americans With Disabilities Act, 42 U.S.C. Section 12112.

18.     Plaintiff alleges that Defendants willfully discriminated and interfered with Plaintiff's rights under the Family Medical Leave Act and the Americans With Disabilities Act.

## DAMAGES

19.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

a.     Back pay from the date that Plaintiff was terminated from employment (October 13, 2003);

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Page - 5

31

b.      Front pay;

c.      Lost benefits (past and future) from the date that Plaintiff was terminated from employment (October 13, 2003);

d.      All reasonable and necessary attorney fees incurred by or on behalf of Plaintiff as permitted by law;

e.      Reasonable and necessary expert witness fees and other costs of court incurred in pursuit of this case as permitted by law;

e.      Exemplary damages as permitted by law under the American Disabilities Act.

f.      Mental anguish damages (past and future) as permitted by law under the Americans With Disabilities Act;

g.      Liquidated damages as provided by the Family Medical Leave Act; and

h.      Reinstatement of Plaintiff to the position and pay grade which Plaintiff held but for the unlawful actions of Defendants.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Sarah Erickson, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Page - 6

3 2

law or in equity.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

Calhoun & Peña, P.L.L.C.

By: _____

Laura E. Calhoun
Texas Bar No. 06342400
Connie A. Pena
Texas Bar No. 24034621
5068 W. Plano Pkwy., Suite 300
Plano, Texas  75093
Tel. (972)447-8234
Fax. (972)447-8236
***Attorneys for Plaintiff***
***Sarah Erickson***


Tamara L. Banno
Texas Bar No. 24012240
3031 Allen Street, Ste. 100
Dallas, Texas  75204
Tel. (214)550-5236
Fax (214)550-5223
***Local Counsel for Plaintiff***

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**Page - 7**

3 3

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of November, 2004, a true and correct copy of the foregoing document was served via certified mail, return receipt requested, upon:

Simon Whiting
Burford & Ryburn, L.L.P.
3100 Lincoln Plaza
500 N. Akard
Dallas, TX 75201-6697

_Connie Peña_
Connie Peña

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**Page - 8**

34

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 2 2004

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

SARAH ERICKSON,                          §
                                         §
        Plaintiff,                       §
                                         §
vs.                                      §        Civil Action No. 3-04CV-1433M
                                         §
BAYLOR INSTITUTE FOR REHABILIATION       §
AT GASTON EPISCOPAL HOSPITAL and         §
BAYLOR HEALTH CARE SYSTEM,               §
                                         §
        Defendants.                      §

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Baylor Institute for Rehabilitation at Gaston Episcopal Hospital and

Baylor Health Care System, Defendants in the above-entitled and numbered cause, and files this

their Original Answer and for same would respectfully show the Court as follows:

### I.

1.      Defendants admit that Plaintiff purports to be a citizen of the United States and the State of

Texas and purports to reside in Garland, Dallas County, Texas.

2.      Defendants admit Paragraph 2.

3.      Defendants admit Paragraph 3.

3(sic).  Defendants admit that the court has jurisdiction over this lawsuit but deny that Defendants

have committed any acts giving rise to any cause of action by Plaintiff.

4.      Defendants admit that Plaintiff purports to bring action under 29 U.S.C. § 26.01 et. seq. and

Title 42 U.S.C. § 12101 et. seq., but deny that Defendants have violated these provisions.

5.      Defendants admit Paragraph 5.

6.     Defendants admit Paragraph 6.

7.     Defendants admit that Plaintiff was employed by Baylor Institute of Rehabilitation at Gaston Episcopal Hospital from approximately June 1996 until her termination on or about October 13, 2003, otherwise denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the second, third and fourth sentences of Paragraph 7.  Defendants deny the fifth and sixth sentences of Paragraph 7.

8.     Defendants admit that Plaintiff was off from work on an approved FMLA leave of absence during 2002, otherwise denied.  Defendants admit that Plaintiff returned to work for Baylor Institute of Rehabilitation at Gaston Episcopal Hospital in December 2002 subject to TPAPN restrictions, otherwise denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the third sentence of Paragraph 8.  Defendants admit that Tracy Ellis, the Unit Manager, was assigned to oversee Plaintiff's performance, otherwise denied.

9.     Defendants admit the first sentence of Paragraph 9.  Defendants admit that during this meeting, Plaintiff agreed to comply with the employers work related requests, otherwise denied.  Concerning the last sentence of Paragraph 9, Defendants are without knowledge or information sufficient to form a belief as to the truth as to the allegations.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 10.  Concerning the second sentence, the Defendants admit that Plaintiff requested a leave of absence on September 15, 2003; but are without knowledge or information sufficient to form a belief as to the truth of the remainder of the second sentence.  Defendants admit the third sentence of Paragraph 10.  Defendants admit that Plaintiff was released to return to work by her doctor on October 8, 2003, but are without knowledge or information sufficient to form a belief as to the truth of the balance of the fourth sentence.

Defendants admit the fifth sentence of Paragraph 10. Defendants deny the final sentence of Paragraph 10.

11.    Defendants admit the first sentence of Paragraph 11. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff had been provided notice of any alleged problems since the June counseling meeting and denies the balance of the second sentence of Paragraph 11. Defendants admit that Plaintiff was on FMLA leave in 2003. Defendants are without knowledge as to whether Plaintiff had been given notice of any safety or performance deficiency subsequent to the June 2003 counseling. Concerning the fourth sentence of Paragraph 11, Defendants admit that Plaintiff was terminated and admit that Defendants did not complete Plaintiffs 3rd Plaintiffs quarter TPAPN review, otherwise denied.

12.    Defendants deny each and every allegation contained within Paragraph 12.

13.    Defendants deny each and every allegation contained in Paragraph 13.

14.    Defendants deny each and every allegation contained in Paragraph 14.

15.    Defendants deny each and every allegation contained within Paragraph 15.

16.    Defendants deny each and every allegation contained in Paragraph 16.

17.    Defendants deny each and every allegation contained in Paragraph 17.

18.    Defendants deny that Plaintiff has sustained any damages as a result of the actions and/or omissions of Defendants. Defendants further deny that Plaintiff is entitled to any of the relief sought in Paragraph 18 subsections (a)-(h).

19.    Defendants deny that Plaintiff is entitled to any of the relief sought under the subsection heading "prayer".

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.      In the alternative, and by way of affirmative defense, Defendants' actions with respect to the Plaintiff were legitimate and nondiscriminatory.

### SECOND DEFENSE

2.      In the alternative, and by way of affirmative defense, if Plaintiff has sustained any damages, then such damages should be reduced by the amount that Plaintiff could have reasonably mitigated such damages by proper action and by the amount Plaintiff has actually mitigated such alleged damages, if any.

### THIRD DEFENSE

3.      In the alternative, and by way of affirmative defense, the Plaintiff failed to mitigate her damages since she did not use reasonable diligence to obtain comparable employment and is barred from collecting back pay and benefits and other relief.

### FOURTH DEFENSE

4.      In the alternative, and by way of affirmative defense, to the extent that Defendants are found responsible or liable for any of the damages allegedly sustained by Plaintiff, if at all, that such damages should be offset and Defendants credited for any benefits received by Plaintiff and/or monies paid to Plaintiff, which originated from or were provided by Defendants.  This offset also applies to any interim earnings/wages, unemployment compensation, and workers' compensation benefits the Plaintiff may have received.

### FIFTH DEFENSE

5.      In the alternative, and by way of affirmative defense, Defendants plead that to the extent that they are found responsible or liable for any of the damages allegedly sustained by the Plaintiff, that such damages should be reduced in accordance with the after acquired evidence rule and in accordance with *McKinnon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995).

### SIXTH DEFENSE

6.      In the alternative, and by way of affirmative defense, Defendants plead that actions taken in regard to Plaintiff were in good faith and that Defendants had reasonable grounds for believing that their actions did not violate the FMLA. *See* 29 U.S.C.A. § 2617, *et al.*

### SEVENTH DEFENSE

7.      In the alternative, and by way of affirmative defense, if Defendants are found responsible or liable for any of the damages allegedly sustained by the Plaintiff, that such damages should be reduced pursuant to 42 U.S.C § 2000e-5(g)(2)(B) and/or in accordance with any applicable case law.

### EIGHTH DEFENSE

8.      In the alternative, and by way of affirmative defense, the Plaintiff is not entitled to punitive damages of any sort.  Further pleading, Defendants would show the Court that the claim for punitive damages and actual damages asserted by Plaintiff herein is in direct contravention of, and is in violation of the Constitution of the United States and the imposition of punitive damages against Defendants would be fundamentally unfair.

### NINTH DEFENSE

9.      Defendants plead affirmatively that Plaintiff is not entitled to punitive damages in accordance with *Kolstad v. American Dental Assn.*, 527 U.S. 526, 144 L.Ed.2d 494, 511 (1999),

because Defendants have made "good faith" efforts to comply with the Americans with Disability Act 42 U.S.C §§ 12101 et seq.

## TENTH DEFENSE

10.    In the alternative, and by way of affirmative defense, Defendants affirmatively assert and contend that Plaintiff was a direct threat to the safety of patients, herself and others.

## ELEVENTH DEFENSE

11.    In the alternative, and by way of affirmative defense, Defendants affirmatively assert and contend that they would have suffered undue hardship and that no reasonable accommodation could be made for Plaintiff.

## IV.

## CONCLUSION AND PRAYER

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief under her pleadings, and further Defendants pray that Plaintiff take nothing by her suit herein, that the Court find that the Plaintiff has brought a groundless action, and that the Defendants recover their costs, attorneys' fees, and such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By_____
SIMON D. WHITING
Texas State Bar No. 21373600

3100 Lincoln Plaza
500 North Akard
Dallas, Texas 75201-6697
(214) 740-3100 (Tel)
(214) 740-3125 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

In keeping with Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel of record for the Plaintiff, via:

_____ ✓ CERTIFIED MAIL/RETURN RECEIPT REQUESTED
_____ TELEPHONIC DOCUMENT TRANSFER (FAX)
_____ FEDERAL EXPRESS/EXPRESS MAIL
_____ COURIER/RECEIPTED DELIVERY
_____ REGISTERED MAIL/RETURN RECEIPT REQUESTED
_____ HAND DELIVERY (IN PERSON)
_____ REGULAR MAIL

DATED: ___8/2/04___

_____
SIMON D. WHITING