ORIGINAL (stamp)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 26 2006
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH ERICKSON, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:04-CV-1433-M |
| BAYLOR INSTITUTE FOR REHABILITATION AT GASTON EPISCOPAL HOSPITAL and BAYLOR HEALTH CARE SYSTEM, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendants Baylor Institute for Rehabilitation at Gaston Episcopal Hospital, and Baylor Health Care System, dated November 18, 2005. The Court **GRANTS** the Motion.

FACTUAL BACKGROUND

Plaintiff Sarah Erickson alleges that she was employed by Defendants between June 1996 and October 13, 2003. She claims that, throughout her employment with Defendants, she suffered from bipolar disorder, which she contends constitutes a disability under the Americans with Disabilities Act (the "ADA"), and a serious health condition under the Family Medical Leave Act (the "FMLA"). Plaintiff claims she took approved FMLA leave between August 2002 and December 2002. Plaintiff alleges that after she requested another leave of absence on September 15, 2003, Defendants approved an additional period of FMLA leave between

September 17, 2003, and November 18, 2003. Plaintiff claims that Becky Penn, Director of Patient Care Services, fired her on October 13, 2003.

Plaintiff filed suit on November 23, 2004, claiming discrimination and retaliation in violation of the ADA and FMLA. Defendants filed their Motion for Summary Judgment on November 18, 2005. Plaintiff neither filed a response nor submitted any evidence to the Court supporting her claims.[1]

## STANDARD OF REVIEW

Summary judgment is warranted when the facts and law, as reflected in the pleadings, affidavits, and other summary judgment evidence, show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Pourgholam v. Advanced Telemktg. Corp.*, No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2-3 (N.D. Tex. June 9, 2004) (citing Fed. R. Civ. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary

---

[1] Erickson's failure to respond to the Motion does not alone support the automatic granting of the Motion. Defendants must still establish the absence of a genuine issue of material fact. *See United States v. Valdez*, C-05-330, 2005 U.S. Dist. LEXIS 30877, at *2 n.1 (S.D. Tex. Nov. 18, 2005) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)).

judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed. R. Civ. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses" and disregarding the evidence favorable to the nonmovant that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch Props.*, 140 F.3d at 625.

ANALYSIS

*I. ADA Discrimination*

The Court applies the modified *McDonnell Douglas* approach to claims of discrimination based on disability. *See Bergen v. Continental Cas. Co.*, 368 F. Supp. 2d 567, 572-73 (N.D. Tex. 2005) (Sanders, J.) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-46 (1973); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)); *see also Okpulor v. PNC Bank*, 3:04-CV-1755-M, 2005 U.S. Dist. LEXIS 33322, at *6-8 (N.D. Tex. Dec. 14, 2005) (Lynn, J.).[2] To prevail on her claim, Erickson must first establish a prima facie case of discrimination. *Id.*; *Keelan*, 407 F.3d at 342. To prove a prima facie case of discrimination, Plaintiff must show that she was: (1) a member of a protected class; (2) qualified for the position; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (citing *Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001)).

The ADA provides that:

No covered entity shall discriminate against a qualified individual with a disability

---

[2] In *Richardson v. Monitronics International*, in dicta, the Fifth Circuit panel suggests that the modified *McDonnell Douglas* analysis only applies if the employee concedes that discrimination was not the sole reason for her discharge, but argues that discrimination was a motivating factor in her termination. *See* No. 05-10346, 2005 U.S. App. LEXIS 28982, at *9-10 (addressing a claim of retaliation under the FMLA); *see also Pool v. US Investigation Servs.*, 3:04-CV-2332-M, 2005 U.S. Dist. LEXIS 31928, at *5 n.1 (N.D. Tex. Dec. 6, 2005) (Lynn, J.) (addressing a claim of retaliation under Title VII); *Walker v. Norris Cylinder Co.*, 3:03-CV-1009-D, 2005 U.S. Dist. LEXIS 20465, at *11 n.5 (N.D. Tex. Sept. 9, 2005) (Fitzwater, J.) (addressing a claim of discrimination under Title VII). Because the Court dismisses each of Plaintiff's employment claims for failure to prove a prima facie case, which is required whether the Court employs the traditional or modified *McDonnell Douglas* approach, the Court declines to determine whether Plaintiff's failure to argue a mixed-motive approach precludes application of the modified *McDonnell Douglas* approach.

> because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a) (emphasis added). Erickson's claim of discrimination based on disability fails because the summary judgment evidence would not allow a reasonable jury to conclude that she was an "individual with a disability" for purposes of the ADA at the time any contested events took place. As a result, she cannot claim membership in a protected class, the first element of her claim of discrimination based on disability.

To establish a disability, Plaintiff must fulfill the three-part test expounded in *Waldrip v. Gen. Elec.*, 325 F.3d 652, 654 (5th Cir. 2003). Because the ADA defines disability as "a physical . . . impairment that substantially limits one or more major life activities of such individual;" Erickson must show (1) a physical impairment that (2) substantially limits (3) a major life activity. See *id.* (citing 42 U.S.C. § 12102(2)(A)); *Okpulor*, 2005 U.S. Dist. LEXIS 33322 at *10-11. In interpreting this standard, the Fifth Circuit held that

> These terms need to be interpreted strictly to create a demanding standard for qualifying as disabled. In enacting the ADA, Congress expressly estimated that some 43,000,000 Americans have one or more physical or mental disabilities. When one compares this estimate to the countless aches and pains from which most of us unhappily suffer, one can easily see that a lenient interpretation would expand the class of disabled persons far beyond Congress's expectation. We therefore conduct a rigorous and carefully individualized inquiry into [the plaintiff's] claimed disability to fulfill our statutory obligation to determine the existence of disabilities on a case-by-case basis.

*Waldrip*, 325 F.2d at 654-55 (citations and quotations omitted).

Defendants argue that Plaintiff's failure to respond to Defendants' First Request for

Admissions establishes that there is no genuine issue of material fact as to whether Erickson has a disability under the ADA. The Court agrees. Rule 36 of the Federal Rules of Civil Procedure allows litigants to request admissions to a broad range of matters, including ultimate facts, as well as applications of law to facts. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Rule 36(b) provides that "any matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36.[3] Admissions on file can be an appropriate basis for granting summary judgment. *Carney*, 258 F.3d at 420; *see also Cushingberry v. Airtran Airways, Inc.*, No 3:04-CV-2301-M, 2005 U.S. Dist. LEXIS 16239, *2-4 (N.D. Tex. Aug. 9, 2005) (Lynn, J.) (granting summary judgment on the basis of the plaintiff's failure to respond to requests for admission).[4]

Plaintiff did not respond to Defendants' Request for Admission No. 1,[5] which stated that "Plaintiff does not have a physical or mental impairment that substantially limits any major life activity." Considering this deemed admission and Plaintiff's failure to respond to Defendant's Motion with additional evidence, the Court finds no genuine issue of material fact as to whether

---

[3] Erickson has not moved for withdrawal or amendment of her admissions.

[4] The Fifth Circuit panel in *Carney* quoted the following from a Seventh Circuit opinion: "We recognize the potential harshness of this result. The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of the case. This result, however, is necessary to comply with the rules of procedure. In addition, the harshness is tempered by the availability of the motion to withdraw admissions, a procedure which [the litigant] did not employ." *Carney*, 258 F.3d at 421 (quoting *USA v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)).

[5] Defendants' First Request for Admissions to Plaintiff is included in the Appendix to Defendants' Motion for Summary Judgment, at pages 7-19.

Erickson has a disability under the ADA.[6] *See Carney*, 258 F.3d at 420.

Even if a plaintiff does not have an actual impairment that substantially limits one or more major life activities, she may claim the protection of the ADA if she is "regarded as having such an impairment". *Waldrip*, 325 F.3d at 657 (citing 42 U.S.C. § 12102(2)(C)). A plaintiff is regarded as having a disability if she (1) has an impairment that is not substantially limiting but which the employer perceives as substantially limiting, (2) has an impairment that is substantially limiting only because of the attitudes of others, or (3) has no impairment but is perceived by the employer as having a substantially limiting impairment. *Id.* Plaintiff did not respond to Defendants' Request for Admission No. 3, which stated that "Defendants did not regard Plaintiff as having a physical or mental impairment that substantially limits any major life activity." Considering this deemed admission and Plaintiff's failure to respond to Defendant's Motion with additional evidence, the Court finds no genuine issue of material fact as to whether Erickson has a "regarded as" disability. *See Carney*, 258 F.3d at 420.

A plaintiff may also claim protection under the ADA if she can show a "record disability", where: (1) the plaintiff has a record or history of impairment; and (2) the impairment limits a major life activity. *See Blanks v. Southwestern Bell Commc'ns*, 310 F.3d 398, 402 (5th Cir. 2002). Plaintiff did not respond to Defendants' Request for Admission No. 2, which stated that "Plaintiff does not have a record of a physical or mental impairment." Considering this

---

[6]Erickson's unsworn pleadings do not constitute proper summary judgment evidence. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994)). Therefore, the Court does not consider Erickson's Complaint in assessing whether the record evidence creates a genuine issue of material fact sufficient to survive Defendants' Motion for Summary Judgment.

deemed admission and Plaintiff's failure to respond to Defendant's Motion with additional evidence, the Court find no genuine issue of material fact as to whether Erickson has a record disability. *See Carney*, 258 F.3d at 420.

Because Erickson has not presented sufficient evidence to find a genuine issue of material fact as to disability, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's claim of discrimination based on disability. *See Okpulor*, 2005 U.S. Dist. LEXIS 33322, at *16.

*II. FMLA Discrimination*

An employer is prohibited from discriminating against an employee for exercising her rights under the FMLA. *See Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998). To establish a prima facie case for discrimination under the FMLA, Erickson must demonstrate that: (1) she is protected under the FMLA; (2) she suffered an adverse employment decision; and (3) the plaintiff was treated less favorably than an employee who had not requested leave under the FMLA. *See id.*

Plaintiff did not respond to Defendants' Request for Admission No. 51, which stated that "Defendant did not discriminate against Plaintiff because she requested leave under the Family and Medical Leave Act." Considering this deemed admission and Plaintiff's failure to respond to Defendant's Motion with additional evidence, the Court finds no genuine issue of material fact as to whether Erickson was treated less favorably than an employee who had not requested leave under the FMLA. *See Carney*, 258 F.3d at 420. Because she has not produced sufficient evidence to create an issue of material fact as to the third prong of her prima facie case, the Court

**GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's claim of discrimination based on the FMLA.

*III. ADA Retaliation*

To prevail on her retaliation claim under the ADA, Erickson must establish a prima facie case by showing (1) she participated in an activity protected by the ADA; (2) she was subject to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *See Wilborn v. Sw. Bell Tel. Co.*, 3:03-CV-0124-N, 2005 U.S. Dist. LEXIS 4699, at *12 (N.D. Tex. Mar. 23, 2005) (Godbey, J.) (citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)).[7]

Plaintiff did not respond to Defendants' Requests for Admission Nos. 17-21, which disavowed any connection between Erickson's discharge and any activity protected by the ADA.[8]

---

[7] Defendants cite *Septimus v. University of Houston* to support their assertion that the third element of Plaintiff's prima facie case is that the protected activity was a "but for" cause of the adverse employment action. Def. Br. at 5 (citing *Septimus*, 399 F.3d 601, 608 (5th Cir. 2005)). The Court disagrees. *Septimus* did not address a plaintiff's prima facie case; rather, it addressed a plaintiff's final burden at trial to prove retaliation under Title VII using the traditional *McDonnell Douglas* approach. *Septimus*, 399 F.3d at 606, 607 n.7. To prove a prima facie case, Erickson need not prove "but for" causation. *See Seaman*, 179 F.3d at 301; *Wilborn*, 2005 U.S. Dist. LEXIS 4699, at *12.

[8] These admissions stated that (1) Defendants did not terminate Plaintiff's employment because she opposed any act or practice made unlawful by the Americans with Disabilities Act; (2) Defendants did not terminate Plaintiff's employment because she made a charge under the Americans with Disabilities Act; (3) Defendants did not terminate Plaintiff's employment because she testified in an investigation, proceeding or hearing under the Americans with Disabilities Act; (4) Defendants did not terminate Plaintiff's employment because she assisted in an investigation, proceeding, or hearing under the Americans with Disabilities Act; and (5) Defendants did not terminate Plaintiff's employment because she participated in an investigation, proceeding or hearing under the Americans with Disabilities Act.

Considering these deemed admissions and Plaintiff's failure to respond to Defendant's Motion with additional evidence, the Court finds no genuine issue of material fact as to whether a causal connection exists between any protected activity and her discharge. *See Carney*, 258 F.3d at 420. Because she has not produced sufficient evidence to create an issue of material fact as to the third prong of her prima facie case, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's claim of retaliation based on the ADA.

### *IV. FMLA Retaliation*

To prevail on her retaliation claim under the FMLA, Erickson must establish a prima facie case by showing that (1) she engaged in a protected activity, (2) the employer discharged her, and (3) there is a causal link between the protected activity and the discharge. *See Richardson*, 2005 U.S. App. LEXIS 28982, at *8.

Plaintiff did not respond to Defendants' Requests for Admission Nos. 36, 38-39, 42-43, 46-47, and 50, which disavowed any connection between Erickson's discharge and any activity protected by the FMLA.[9] Considering these deemed admissions and Plaintiff's failure to respond

---

[9]These admissions stated that (1) Defendants did not terminate Plaintiff's employment because she opposed any practice made unlawful by the Family and Medical Leave Act; (2) Defendants did not terminate Plaintiff's employment because she filed a charge under the Family and Medical Leave Act; (3) Defendants did not terminate Plaintiff's employment because she instituted a claim for leave under the Family and Medical Leave Act; (4) Defendants did not terminate Plaintiff's employment because she gave any information in connection with any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act; (5) Defendants did not terminate Plaintiff's employment because she was about to give any information in connection with any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act; (6) Defendants did not terminate Plaintiff's employment because she testified in any inquiry or proceeding relating to any right provided under the Family and Medical Leave Act; (7) Defendants did not terminate Plaintiff's employment because she was about to testify in any inquiry or proceeding relating to any right provided under the Family and

to Defendant's Motion with additional evidence, the Court finds no genuine issue of material fact as to whether a causal connection exists between any protected activity and her discharge. *See Carney*, 258 F.3d at 420. Because she has not produced sufficient evidence to create an issue of material fact as to the third prong of her prima facie case, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's claim of retaliation based on the FMLA.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Summary Judgment in its entirety.

**SO ORDERED.**

January 26, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

Medical Leave Act; and (8) Defendants did not terminate Plaintiff's employment because she requested leave under the Family and Medical Leave Act.